UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mona Savig and
Robert Savig,

      Plaintiffs,

v.                                                            Civil No. 09-132 (JNE/LIB)
                                                          ORDER

First National Bank of Omaha
and Messerli & Kramer, P.A.,

      Defendants.

---

Nicholas P. Slade, Esq., Barry & Slade, LLC, appeared for Plaintiffs Mona Savig and Robert Savig.

Derrick N. Weber, Esq., Messerli & Kramer, P.A., appeared for Defendants First National Bank of Omaha and Messerli & Kramer, P.A.

---

This case is before the Court on a motion for summary judgment filed by Defendants First National Bank of Omaha (First National) and Messerli & Kramer, P.A. (Messerli). Plaintiffs Robert and Mona Savig contend that the garnishment of their joint bank accounts by Messerli on behalf of First National violates the Fair Debt Collection Practices Act (FDCPA) and constitutes conversion, wrongful levy, and intrusion upon seclusion. In July 2009 the Court certified three questions to the Minnesota Supreme Court. After the state supreme court answered the questions, First National and Messerli moved for summary judgment. For the reasons set forth below, the Court grants the motion for summary judgment and dismisses this action.

## I.    BACKGROUND

In January 2009 Messerli, acting on behalf of First National, served a post-judgment garnishment summons on Mona and Midwest Bank (Midwest). The judgment related to

defaulted debt owed by Mona and her ex-husband, but the garnished accounts were jointly owned by the Savigs. The Savigs do not contend that Mona did not receive proper notice of the garnishment or that the garnishment summons failed to comply with the requirements set forth in the Minnesota Statutes. Although Robert states in an affidavit that he learned of the judgment against Mona when she received the garnishment summons, he did not intervene in the garnishment action. *See* Minn. Stat. § 571.83 (2010). Midwest served a disclosure stating that the "amounts due and owing the debtor, except earnings," from Midwest were $2,003.78 and remitted the funds to Messerli. Of those funds, $1,438.10 came from the Savigs' joint checking account and $565.68 came from their joint savings account. The Savigs allege that the last deposit in the joint checking account before the funds were attached was Robert's paycheck in the amount of $842.37.[1] Robert called Messerli and stated that it had illegally seized his funds because there was no judgment against him. He requested the return of his funds. According to Robert, a Messerli employee responded, "We don't break the law," and refused to return his funds.

      On July 6, 2009, the Court certified the following three questions to the Minnesota Supreme Court:

> (1)    May a judgment creditor serve a garnishment summons on a joint account to satisfy the debt of an account holder when not all of the account holders are judgment debtors, and if so,
>
> (2)    is it the judgment creditor or the account holders who bear the burden of establishing net contributions to the account during the garnishment proceeding, and

---

[1]    Messerli indicated in its reply brief to the state supreme court that it sent Robert a check for $842.37 after the Savigs provided information establishing Robert's claim for that amount. *Savig v. First Nat'l Bank of Omaha*, 781 N.W.2d 335, 337 n.2 (Minn. 2010).

    (3) what applicable presumptions regarding ownership, if any, apply in the absence of proof of net contributions?

The state supreme court held that a judgment creditor may serve a garnishment summons on a garnishee, attaching funds in a joint account to satisfy the debt of an account holder, even though not all of the account holders are judgment debtors; that account holders bear the burden of establishing net contributions to a joint account during a garnishment proceeding; and that a judgment debtor is initially, but rebuttably, presumed to own all of the funds in a joint account, and if the presumption is not rebutted, all of the funds in a joint account are subject to garnishment.

## II.    DISCUSSION

In spite of the Minnesota Supreme Court's answers to the certified questions, the Savigs maintain that they still have colorable state-law causes of action. They do not. It is undisputed that Messerli and First National effected the garnishment in the manner prescribed by the state's highest court. Accordingly, there is no actionable state-law tort based on the garnishment. *See Kellar v. VonHoltum*, 568 N.W.2d 186, 192 (Minn. Ct. App. 1997) ("Respondents' exercise of a statutorily given right cannot, we believe, form the basis for liability in a tort action.").

The Savigs also contend that their FDCPA claim survives the supreme court's answers to the certified questions because garnishment pursuant to the state statute violated the Savigs' right to due process of law. This argument fails because neither Messerli nor First National was a state actor. To establish a violation of the Due Process Clause, the Savigs must establish that Messerli and First National were state actors by showing that their conduct was "fairly attributable" to the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The "fair attribution" test has two parts: the private-citizen defendant must (1) exercise some right or privilege created by the state, and (2) act in concert with or obtain significant aid from state

officials who are themselves involved in a constitutional violation. *See Audio Odyssey, Ltd. v. Brenton First Nat'l Bank*, 245 F.3d 721, 739-40 (8th Cir. 2001), *aff'd en banc*, 286 F.3d 498 (8th Cir. 2002); *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). With respect to the second element, "[t]he key inquiry is whether the private party was a willful participant in [a] corrupt conspiracy" with a state official. *DuBose*, 187 F.3d at 1003. Otherwise stated, a plaintiff must "offer evidence sufficient to support the conclusion that [private citizens and state officials] directed themselves toward an unconstitutional action by virtue of a mutual understanding and provide facts which would establish a meeting of the minds." *Id.* (internal quotation marks omitted). Here, the Savigs have alleged no facts suggesting that Messerli and First National acted in concert with any state officials to violate their constitutional rights. Accordingly, their FDCPA claim based on an alleged due process violation fails.

The Savigs also argue that the garnishment of Robert's share of the account funds violates various other provisions of the FDCPA based on the argument that the garnishment was harassing because Robert was not a debtor. Robert chose to deposit his funds in a checking account that was jointly owned by Mona. When he did so, his rights concerning those funds changed according to state law. The garnishment was consistent with those state-defined rights. First National and Messerli's actions were not harassing and did not violate the FDCPA.

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. First National and Messerli's motion for summary judgment [Docket No. 39] is GRANTED.

2. This action is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 24, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge